PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1998 *193 Honda Civic struck a hole on W.Va. Route 131 near Bridgeport, Harrison County. W. Va. Route 131 is a road maintained by respondent in Harrison County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 8:00 p.m and 8:30 p.m. on April 13,2004, a dry evening. W.Va. Route 131 is a two-lane highway at the area of the incident involved in this claim. Claimant’s son, Jeremy Campbell, testified that he was driving the claimant’s vehicle on W.Va. Route 131 at about forty miles per hour with traffic coming towards him when the vehicle struck two holes. He stated that the holes were both about twenty-two inches wide and three or four inches deep. Claimant’s vehicle struck the holes sustaining damage to the right front rim and tire. Claimant’s vehicle sustained damage totaling $213.02.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 131 at the site of the claimant’s accident for the date in question.
John Barberio, Highway Administrator for the respondent in Harrison County, testified that he had no knowledge of any holes on W. Va. Route 131 near Bridgeport for the date in question or the days immediately prior. Mr. Barberio stated that there had been crews out in February of that year to patch holes along W.Va. Route 131. He stated that there were no telephone calls in regard to the holes that claimant’s son hit on the day of or prior to the incident. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 131.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the holes which claimant’s vehicle struck and that the holes presented a hazard to the traveling public. Photographs in evidence depict the holes and provide the Court an accurate portrayal of the size and location of the holes on W. Va. Route 131. The size of the holes leads the Court to conclude that respondent had constructive notice of this hazardous condition and an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $213.02.
Award of$213.02.